**BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION; Rhode Island Hospital Trust National Bank; NCNB National Bank of North Carolina; Crocker National Bank; American Express International Banking Corp., Plaintiffs,**

v.

**TOUCHE ROSS & COMPANY, Certified Public Accountants; Fredric Blank; Louie Hansberger; Patrick G. Rooney; Edward P. Fitzgerald, and Other Unknown General Partners; Touche Ross & Company, Employees of Defendants.**

**Civ. No. C 83–2794.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 31, 1987.

Jesse Hinnant Austin, III, Robert W. Patrick, Powell Goldstein Frazer & Murphy, Samuel J. Zusmann, Jr., Zusmann Small & White, Atlanta, Ga., for plaintiffs.

Kevin B. Getzendanner, Jeffrey Michael Smith, Arnall Golden & Gregory, Atlanta, Ga., for defendants.

ORINDA D. EVANS, District Judge.

### ORDER

This RICO action is before the court on Plaintiffs' motion to compel answers to deposition questions and to produce documents pursuant to document requests. Defendants have also moved for an extension of time within which to file a response to the above motion and have now filed their response. Both parties have requested oral argument on Plaintiff's motion.

Plaintiff's motion to compel answers to deposition questions numbers 1

through 20 is granted in part and denied in part. The motion is granted as to the questions numbered 2, 5–11, 15 and 17 through 20. In each instance, defense counsel improperly directed the deponent not to answer the question. There was no claim of privilege, and neither were the questions harassing or impertinent in nature. Counsel was entitled to note any objection for the record, but was not entitled to direct the deponent not to answer. Although plaintiff's motion pertaining to questions numbered 1, 3, 4 and 16 involves the same issue, the motion is denied as to those questions, as it appears that the deponent ultimately did answer the question. Thus, the motion is moot as to questions numbered 1, 3, 4 and 16.

■ Plaintiff's motion to compel as to deposition question numbered 12 through 14 is granted, but only to the extent that the questions seek information as to the circumstances under which Mr. Wall prepared the report in question, including questions pertaining to the form of the report, the identity of persons to whom the report was given or distributed, who asked that the report be prepared, when the request was made, and what Mr. Wall was generally told to do. Plaintiff is not entitled to inquire into the substance of the report, over defendant's privilege objection.

Turning to plaintiff's motion to compel production of documents, the same is hereby granted, on condition that the parties present the court with an appropriate protective order prior to producing the manuals in question.

No attorney's fees or costs will be awarded for the bringing of the within motions, however, defendant will be required to reimburse plaintiff's counsel for any actual additional deposition time involved in obtaining answers to the deposition questions allowed herein, plus costs reasonably expended in taking the depositions.

In summary, plaintiff's motion to compel answers to deposition questions is GRANTED in part and DENIED in part; plaintiff's motion to compel production of documents is conditionally GRANTED. The request for oral argument is DENIED.